Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Virginia
### Richmond Division

| | |
|---|---|
| JAN MOXLEY <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br><br> SELECT PORTFOLIO SERVICING, INC., U.S. BANK NATIONAL ASSOCIATION ET AL <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. **3:25CV362** <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR A CIVIL CASE ALLEGING BREACH OF CONTRACT
### (28 U.S.C. § 1332; Diversity of Citizenship)

I. The Parties to This Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Jan Moxley |
   | Street Address | 535 Country Club Dr |
   | City and County | Gasburg and Brunswick |
   | State and Zip Code | 23857  VA |
   | Telephone Number | 303 818-3894 |
   | E-mail Address | janmoxley@yahoo.com |

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Select Portfolio Servicing, Inc. |
| Job or Title *(if known)* | |
| Street Address | 3217 S. Decker Lake Dr. Legal Department |
| City and County | Salt Lake City and Salt Lake City |
| State and Zip Code | UT 84119 |
| Telephone Number | (800) 258-8602.   (866) 662-0035 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | U.S. Bank National Association et al |
| Job or Title *(if known)* | |
| Street Address | 800 Nicollet Mall    Legal Department 21st Floor |
| City and County | Minneapolis and Hennepin |
| State and Zip Code | MN 55402 |
| Telephone Number | (612) 303-7896.   (800) 872-2657 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.

### A.   The Plaintiff(s)

1. If the plaintiff is an individual

   The plaintiff, *(name)* Jan Moxley, is a citizen of the State of *(name)* Virginia.

2. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B.   The Defendant(s)

1. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

2. If the defendant is a corporation

   The defendant, *(name)* Select Portfolio Servicing, Inc., is incorporated under the laws of the State of *(name)* Delaware, and has its principal place of business in the State of *(name)* Utah. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

### C.   The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

THE DEFENDANT(S)

2. If the defendant is a corporation

The defendant, U.S. Bank National Association et al, is incorporated under

The laws of the State of Delaware, and has its

principle place of business in the State of Minnesota.

The Plaintiff's house was sold for $576,000. The Plaintiff was compelled to stop fighting the Foreclosure Action by accepting the Settlement Agreement. (Exhibit A) The dispute that the Plaintiff has with the Defendants is because of fraud committed by JPMorgan Chase bank as mortgage servicer after they sold the Note to Bank of America, not because the Plaintiff was unable to make payments. JPMorgan Chase forced Plaintiff to cease making payments because of the fraud, which was committed by their Mortgage Service Representatives, which is documented by Plaintiff's records and JPMorgan Chase recordings of each conversation, by offering a Disaster Relief Program during a volcano eruption, which did not exist with the agreed upon terms stated by Representatives. After the fraud, which occurred September 2014 (but Plaintiff was not aware of until February 2015 when the disaster relief program ended and the JPMorgan Chase Representative stated that she had been incorrect), which was detailed by the Plaintiff to an Aldridge Pite attorney in January 2016 after she called the Plaintiff to inform him that she would be filing for Foreclosure in March 2016, on behalf of her client JPMorgan Chase. After that telephone call, she informed JPMorgan Chase and Bank of America about the fraud and with her assistance, the Note was sold to U.S. Bank and transferred to mortgage servicer: Select Portfolio Servicing. This was to hide the fraud prior to filing a Foreclosure Action. Two Aldridge Pite Attorneys participated in the sale and transfer to hide the fraud and broke Circuit Court Rules of Civil Procedure in order to get a Summary Judgement ruling in U.S. Bank's favor, without informing the Plaintiff of the refiling of the demand for Summary Judgment, after seven months of no legal actions filed by Aldridge Pite attorneys. It is an Attorney's duty to represent a client for alleged illegal acts, but to participate makes them an accomplice. Once the statute of limitations on fraud was up, the Foreclosure Action commenced and was filed in September 2017. After the Forclosure Action was filed, and the first hearing in August 2018 was continued after Plaintiff orally demanded a trial, which was also demanded in writing in subsequent filings, Plaintiff discovered that JPMorgan Chase never legally aquired the Plaintiff's Note, which was owned by Long Beach Mortgage Company, and was allegedly aquired by JPMorgan Chase from the FDIC sale of Washington Mutual Bank. Washington Mutual Bank was servicer of the Note owned by Long Beach Mortgage Company. JPMorgan Chase never produced discovery proving they owned the Note they sold, during the Plaintiff's foreclosure hearings, a fact Plaintiff continually stated in filings and orally during hearings. Long Beach Mortgage Company was not mentioned in the FDIC and JPMorgan Chase Purchase and Assumption Agreement, but was considered a subsidiary of Washington Mutual Bank, which has yet to be proven. In the Purchase and Assumption Agreement between JPMorgan Chase and FDIC and according to that agreement's clause 3.2(b)(ii) and 3.2(b)(iii) applies. (Exhibit B) There has been no evidence presented that JPMorgan Chase complied with the 3.2(b)(ii) clause of the agreement and bid successfully on the Note, therefore, 3.2(b)(iii) clearly states if the 3.2(b)(ii) bid hasn't been accepted by the FDIC, then 3.2(b)(iii) applies and JPMorgan Chase did not purchase the Note from the FDIC, which had been converted to a Washington Mutual asset-backed certificate, which is a security in the name of Long Beach Mortgage Company, prior to the FDIC aquiring Washington Mutual Bank. There is no evidence that Washington Mutual Bank was anything more than servicer of the Note and JPMorgan Chase aquired it from the FDIC as the successor of Washington Mutual Bank only as the Mortgage Servicer. These facts, until such time as JPMorgan Chase proves it complied with clause 3.2(b)(ii) and the bid was accepted by the FDIC, makes the sale of the Note from Long Beach Mortgage Company to JPMorgan Chase and JPMorgan Chase to Bank of America and from Bank of America to U.S. Bank, invalid. And voids the Plaintiff's Mortgage Modification recorded in August 2012. (It should be noted that Plaintiff never withdraw his demand for a trail and the refiling of the demand for Summary Judgement was done after the assigned Judge retired and a new Judge was appointed and changed the previous Judge's rulings. The Plaintiff was not informed of the retirement or appointment.) The Plaintiff would not have agreed to the Settlement Agreement if the defendant's attorneys did not include the Confidentiality clause as part of the Settlement Agreement nor would the Plaintiff have withdrawn the Plaintiff's appeal or ceased litigation. And the Plaintiff would not have agreed to not file a Wrongful Foreclosure lawsuit against JPMorgan Chase or Bank of America, as well as the Defendants listed in this complaint. The Settlement Agreement was mediated by Retired Judge Karl Sakamoto for the Hawai'i Intermediate Court of Appeals, and the Settlement Agreement, which includes the Confidentiallity clause, was negotiated through mediation and the wording was approved and confirmed by Judge Sakamoto. The Plaintiff's house was Wrongfully Foreclosed on, violating his Constitutional 14th Amendment Section 1 Due Process Rights. Regardless, the amount of the claim is over $75,000.

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The plaintiff, *(name)* Jan Moxley, and the defendant, *(name)* Select Portfolio Servicing, Inc. and U.S. Bank National Association, made an agreement or contract on *(date)* 02/25/2023. The agreement or contract was *(oral or written)* written. Under that agreement or contract, the parties were required to *(specify what the agreement or contract required each party to do)*

9. Confidentiality. Parties represent and warrant that they have not discussed or publicized the claims and/or allegations with regard to the Released Parties and/or the Loan with any person or entity excluding their attorneys, other than through the filing of the Litigation. Except as required by law, or to effectuate or enforce the terms hereof, Parties agree they will neither disclose nor reveal to any person or entity or directly or indirectly publish, publicize, disseminate or communicate to any person or entity, their allegations in the Litigation, discovery exchanged, this Agreement and the terms of this Agreement, including without limitation, the existence or amount of payments received hereunder, on a go forward basis as of the date of this Agreement, including by not limited to, a prohibition on the parties posting or otherwise disclosing on the internet or any other paper or electronic media outlet (including but not limited to news organizations, websites or newspapers, email, Facebook, Twitter, etc except with: (1) their attorneys or tax advisors, provided their attorneys and tax advisors agree in advance to keep such information confidential and not to disclose it to others; or (2) upon subpoena from any court of competent jurisdiction, the Internal Revenue Service or other governmental agency. Parties further agree that any unauthorized disclosure of the claims, allegations or the existence of or terms of this Agreement by any means other than those described herein will be deemed an unauthorized disclosure and a breach of this Agreement. Parties further agree that the disclosure of the allegations, claims or the existence of or terms of this Agreement will damage the goodwill of the Released Parties and substantially impair their ability to defend or settle other lawsuits or claims. For a breach of the provisions of this Paragraph, Parties acknowledge and agrees that the non-breaching party will be entitled to injunctive relief, compensation for any and all damages suffered, and its reasonable attorneys' fees and costs. This is a material provision of this Agreement. (Exhibit A)

The defendant failed to comply because *(specify what the defendant did or failed to do that failed to comply with what the agreement or contract required)*

Defendants failed to comply with the Confidentiality agreement by selling the property through a real estate firm and instructing the real estate agent to advertise the sale of the property as a Bank Owned Foreclosure, which included advertising on the internet and Multiple Listing Service. (Exhibit C) This is a clear violation of the agreement. It was the Defendants' responsibility to follow the terms of the agreement and not mention the foreclosure "...allegations in the Litigation..." to anyone or publish or list it on the Internet as per the Settlement Agreement "... directly or indirectly...." The forclosure was not listed on Plaintiff's Credit Report at the time the Settlement Agreement was negotiated, executed, or afterwards. When Plaintiff contacted Select Portfolio Servicing about the violation, (Exhibit D) in accordance with the Settlement Agreement 7(i), 7(iii), 7(iv), after the violation occurred, they responded: "...you allege that paragraph 9 of the Agreement was violated by a third-party real estate listing referencing the fact that the Subject Property was "Foreclosure and REO/Lender owned." The foreclosure action filed against you in the Circuit Court of the Third Circuit – Hilo Division as Civil No. 3CC171000292 (the "Foreclosure Action") is a matter of public record. The Foreclosure Action is neither confidential nor privileged. Any third-party real estate agent referencing the Foreclosure Action in a listing for the Subject Property is in no way a violation of paragraph 9 of the Agreement and is merely stating what is already public record and factually accurate. Based on the foregoing, it is SPS's position that you do not have a valid basis to initiate a lawsuit against SPS (or any of the other entities listed in your Letter) based on the alleged violations of the Agreement. Moreover, any such action would subject to dismissal as a frivolous lawsuit. As such, SPS will be taking no further action regarding this matter." (Exhibit E) This letter is without merit and is another violation of the Settlement Agreement. The Confidentility clause, which the Defendant's Attorney wrote, and was reviewed by Judge Sakamoto, states: "For a breach of the provisions of this Paragraph, Parties acknowledge and agrees that the non-breaching party will be entitled to injunctive relief, compensation for any and all damages suffered, and its reasonable attorneys' fees and costs. This is a material provision of this Agreement." The Defendants' Attorney claims that a real estate agent without direction from the Defendants, and on their own initiative, decided to take the time to search for and view a civil case in circuit court records without knowing there ever was a foreclosure case initiated on the property, and not having a case number, and not having the name of the Plaintiff or Defendant, and added it to a real estate listing without permission or confirmation from the seller a year after the Settlement Agreement was signed and 14 months after the transfer of the deed was recorded and 22 months after an auction sale of the property where no one attended except the representative from U.S. Bank, who's lone bid of $576,000 was the winning bid: is absolutely ludicrous. And even if any of that were true, the real estate agent was retained by the Defendants as their listing agent, and what she did was approved by the Defendants and is a violation of the Defendants' fiduciary duty as stated in the Settlement Agreement and has consequences. The Attorney that wrote the letter is one of the two Attorneys that participated in hiding the fraud and his violation of Civil Procedure during the Foreclosure Action litigation prevented the Plaintiff from receiving a trial and Plaintiff's due process rights. And Plaintiff's right to cross examine discovery exhibits that were presented by the Defendants' Attorneys in court filings, which were continually challenged by the Plaintiff in court. The violations that the Defendants' Attorneys committed during the Foreclosure Action will be proven during trial, which is why the Attorney is stating this lawsuit is frivolous in the hopes that a Judge will listen to his empty rhetoric and dismiss this case. This Breach of Agreement case has merit and the rule of law must be followed. And though the statute of limitations has passed, it does not mean that fraud didn't happen, which was the cause of the Defendant's wrongful foreclosure and it will be proved during this trial with the introduction of exhibits subpoenaed from the Defendants. The Settlement Agreement prevented the Plaintiff from pursuing any future litigation against any of the Foreclosure Action litigants, but now the Breach has nullified that clause in the Settlement Agreement and Plaintiff will initiate litigation for Wrongful Foreclosure after the Breach of the Settlement Agreement is adjudicated at trial.

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

The plaintiff has complied with the plaintiff's obligations under the contract.

IV. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The Plaintiff incorporated five nonprofit corporations in Florida on January 3, 2019. (Exhibits F, G, H, I, J) In March 2019, Plaintiff's book: The Seven-Year Fix: A Comprehensive Global Solution was published. (Exhibit K) The review process for the book during the following year was almost completed by March 2020, but was delayed because of the Pandemic. (Exhibit L) During the following two years the book was reviewed and all the Corporations were granted 501c3 designations by the I.R.S. by November 3, 2023. (Exhibits M, N, O, P, Q) The I.R.S. was aware that all five of the 501c3 designations had to be completed before the Plaintiff's nonprofit companies could receive the already pledged start-up funding before the end of October 2023. Unfortunately, this was past the October deadline to solicit for donations, delaying the solicitations until February 2024. The donors were contacted in February 2024, and during their due diligence someone in the group entered the address in a search application on the internet, which was displayed on each first and last page of the five nonprofits' Articles of Incorporation, which was Plaintiff's home address. (Exhibits F, G, H, I, J) What appeared was a webpage real estate sale of the house claiming it was a bank owned foreclosure. (Exhibit C) This was a red flag to the group and questioned if Plaintiff was trustworthy and not a financial risk. Plaintiff lost all of the start-up funding donations pledged and after many attempts to get an explanation of why they were previously committed to donating and then rescinded their pledges, it was finally revealed on May 14, 2024 that the listing webpage stated Foreclosure. But, because Plaintiff was suppressed by the Confidentially clause of the Settlement Agreement, essentially a gag order, and could not explain the circumstances about the foreclosure without Breaching the Settlement Agreement, Plaintiff lost all start-up funding, which prevented Plaintiff from the funding required to pursue available grants and donations to receive millions of dollars available for the nonprofit companies. The Plaintiff's income and the reimbursement of income and yearly expenses since 2008, had now been indefinitely delayed. This is a clear violation of the Settlement Agreement. The amount Plaintiff invested, which began in 2008, of Plaintiff's time and money in research and development; paying for business expenses including incorporating, annual reports, 501c3 application filings with the I.R.S., internet domain name fees, etc.; and writing the book on the conclusions from the R&D and the expenses of publishing, which is a proprietary global plan to curb climate change, alleviate food and water shortages, reduce methane (CH4) emissions from cattle, etc.; and mitigate gun violence in schools, communities, and at events/venues (Exhibit R); is now in jeopardy due to the Defendants' violation. The estimate of the damage caused is over $50,000,000. Because of the Defendants' violation, and Plaintiff's restriction of not being able to explain the Foreclosure Action details, Settlement Agreement details, or file a Wrongful Foreclosure Complaint because the Settlement Agreement prohibits it, the Plaintiff has suffered irreparable harm. The affects of the delay of implementing 17 years of research and development for the benefit of the world, may not be overcome. The $50,000,000 amount of damage does not include punitive damages, which should be awarded to Plaintiff in the amount that will be determined by the Jury after this case is heard and adjudicated. That punitive amount should be in the amount of hundreds of millions of dollars awarded. If the Defendants claim Plaintiff's delay in filing this Complaint is an issue it is because Plaintiff did not have the filing fees available to file and did not want to file for a Waiver of Fees application for fear that a Judge may dimiss the case due to the appearance that the Plaintiff does not have anything invested in filing this Complaint. It would not be an issue if the Defendants did not devastate the Plaintiff's income by Breach of the Settlement Agreement. The filing date of this Complaint is less than a year from the time the Breach was discovered, which is within the Statute of Limitations for a Breach of Agreement. And the Plaintiff did give Notice to the Defendants as was required by the Settlement Agreement and is confirmed by their Attorney's answer to that letter. The previous record of the Defendants' Attorneys to state any ridiculous argument to get a case dismissed is well documented in transcripts in the Hawai'i Circuit Court of the Third Circuit - Hilo Division, however, the Judges in the United States District Court in the Eastern District of Virginia are more qualified and reputable than the attorneys appointed as Judges to the Hawai'i Circuit Court of the Third Circuit - Hilo Division, and are much less likely to believe such utter nonsense.

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 05/13/2025

Signature of Plaintiff

Printed Name of Plaintiff   Jan Moxley

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address