IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAN MOXLEY,
          Plaintiff,

v.                                  Civil Action No. 3:25cv362

SELECT PORTFOLIO SERVICING, INC.,
and U.S. BANK NATIONAL ASSOCIATION
et al.,
          Defendants.

## OPINION

The *pro se* plaintiff, Jan Moxley, had a home in Hawaii. He contends that, at some point, his mortgage servicer committed fraud, so he stopped paying his mortgage. One defendant, U.S. Bank et al.[1] ("U.S. Bank"), eventually foreclosed on his home. After several rounds of litigation in Hawaii state court, Moxley entered a settlement agreement with U.S. Bank and the other defendant, Select Portfolio Servicing, Inc. ("SPS"). Moxley now sues the defendants because he believes they breached the settlement agreement.

SPS and U.S. Bank move to dismiss the complaint on several grounds: First, they argue that the *Rooker-Feldman* doctrine and preclusion doctrines bar this suit. They also contend that Moxley's complaint engages in "shotgun pleading" in violation of Federal Rules of Civil Procedure 8 and 10. Finally, SPS and U.S. Bank argue that Moxley fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

---

[1] The defendants claim that Moxley misidentifies this entity, whom the defendants call "U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee, on behalf of the holders of Washington Mutual Asset-Backed Certificates WMABS, Series 2006-HE1 Trust." (ECF No. 5, at 1 n.1) Because the precise name of this entity does not affect the Court's analysis, the Court will not resolve this discrepancy at this time.

Because Moxley's complaint alleges a count for breach of settlement agreement, it does not seek review or re-litigation of issues decided in the Hawaii foreclosure. *Rooker-Feldman* and preclusion doctrines, therefore, do not bar this suit. Further, the Court will not dismiss the complaint for Moxley's failure to strictly adhere to Rules 8 and 10. Rather, the Court will dismiss the complaint because it fails to allege a breach of the settlement agreement. Further, the Court will deny as moot Moxley's pending motion to join certain 501(c)(3) entities as plaintiffs to this suit.

## I. FACTUAL ALLEGATIONS[2]

Moxley once owned a home in Hawaii. Allegedly, his mortgage servicer, "JPMorgan Chase [B]ank" ("JP Morgan"), offered him a fraudulent "Disaster Relief Program during a volcanic eruption" for his home. (ECF No. 1, at 5.)[3] After Moxley stopped paying his note due to this supposed fraud, JP Morgan sold the note to U.S. Bank and named SPS the mortgage servicer. (*Id.*) In 2017, U.S. Bank instituted a foreclosure action on Moxley's property in Hawaii state court. (*See id.*) Following lengthy litigation, a Hawaiian court granted summary judgment to U.S. Bank and allowed the foreclosure sale. (*See* ECF No. 1-1, at 3–4.)

Moxley then filed several post-judgment motions seeking relief. (*Id.*) After mediation, U.S. Bank, SPS, and Moxley reached a settlement agreement regarding these post-judgment motions. (*Id.*) This settlement included a confidentiality clause, which provides in relevant part:

---

[2] Courts generally confine 12(b)(6) analyses to facts alleged in the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). In appropriate cases, however, courts may consider (1) "documents incorporated into the complaint by reference" and (2) "matters of which a court may take judicial notice." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011) (citation omitted). Here, the Court relies on the settlement agreement and online advertisements mentioned in and attached to the complaint. (*See* ECF Nos. 1-1, 1-3.)

[3] For any docketed material cited, the page numbers refer to the page numbers assigned by the Court's electronic docketing system.

2

> Except as required by law, or to effectuate or enforce the terms hereof, Parties agree they will neither disclose nor reveal to any person or entity or directly or indirectly publish, publicize, disseminate or communicate to any person or entity, their allegations in the Litigation, discovery exchanged, this Agreement and the terms of this Agreement, including without limitation, the existence or amount of payments received hereunder, on a go forward basis as of the date of this Agreement.

(*Id.* at 7–8.)

A year after the parties settled, Moxley discovered "a real estate listing" which labeled the property as a "Bank Owned Foreclosure." (ECF No. 1, at 6; *see* ECF No. 1-3.) He now contends that the defendants breached the confidentiality clause "by selling the property through a real estate firm and instructing the real estate agent to advertise the sale of the properly as a Bank Owned Foreclosure, which included advertising on the internet and Multiple Listing Service." (ECF No. 1, at 7.)

He argues that this breach cost him "over $50,000,000" in fundraising that he sought for his five nonprofit corporations. (*Id.*) He alleges that potential donors declined to support his charitable efforts after they discovered his home address listed as a bank owned foreclosure. (*Id.*) After Moxley discovered the alleged breach, he informed SPS and U.S. Bank that he intended to sue. (*Id.* at 7.) The financial organizations responded in a letter stating they did not believe a breach occurred. (*Id.*) Moxley contends that this letter, too, breached the agreement. (*Id.*)

## II. DISCUSSION

### A. Rooker-Feldman *Doctrine*

Under the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction over cases "brought by state-court losing parties challenging state-court judgments." *Reed v. Goertz*, 598 U.S. 230, 235 (2023). Accordingly, when a lawsuit "does not challenge" an adverse state-court judgment itself, the *Rooker-Feldman* doctrine does not apply. *Skinner v. Switzer*, 562 U.S. 521, 532–33 (2011). "Because the *Rooker-Feldman* doctrine is jurisdictional," the Court must address it

3

"before proceeding further." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002) (citations omitted).

The defendants argue that this Court lacks jurisdiction because "Moxley, a state-court loser, seeks to relitigate the State Court Foreclosure Action in federal district court." (ECF No. 5, at 10.) Moxley's complaint, indeed, frequently refers to allegations raised in a prior foreclosure proceeding and related actions. (ECF No. 1, at 4.) Thus, to the extent that this suit seeks collateral review of a state-court judgment, the Court lacks jurisdiction over those claims.

Nevertheless, *Rooker-Feldman* does not bar the Court from considering Moxley's breach of settlement agreement claim. (*See id.* at 7.) Moxley states that U.S. Bank and SPS "failed to comply with the [c]onfidentiality agreement by selling the property through a real estate firm and instructing the real estate agent to advertise the sale of property as Bank Owned Foreclosure." (*Id.*) Although this allegation relates to the prior foreclosure action, the prior foreclosure action did not involve a breach allegation. Accordingly, this claim "does not challenge" a state court judgment. *See Skinner*, 562 U.S. at 532–33.

### C. Preclusion

Under Hawaii law,[4] *res judicata* "prohibits the parties or their privies from relitigating a previously adjudicated cause of action," whereas collateral estoppel "prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action." *E. Savings Bank, FSB v. Esteban*, 129 Haw. 154, 158, 296 P.3d 1062, 1066 (2013). The defendants argue that these doctrines bar this suit "[t]o the extent Plaintiff's Complaint challenges the validity of the State Court Foreclosure Action." (ECF No. 5, at 7.)

---

[4] Federal courts apply "the preclusion law of the State in which judgment was rendered." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Accordingly, the Court applies Hawaii law to determine the preclusive effect of the state court judgment in this case.

4

Although the parties could not relitigate the prior foreclosure or issues finally decided during that action, Moxley's complaint raises a new issue—the possible breach of a settlement agreement. (ECF No. 1, at 6.) To that extent, *res judicata* and collateral estoppel do not bar this action.

### B. Shotgun Pleading

Federal Rule of Civil Procedure 8(a)(2) requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This rule prevents "shotgun pleading." *See SunTrust Mortg., Inc. v. Old Second Nat'l Bank*, No. 3:12cv99, 2012 WL 1656667, at *3 (E.D. Va. May 10, 2012). Such pleading occurs when "[a] complaint . . . fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading." *Id.* Further, Rule 10(b) requires parties to state its claims "in numbered paragraphs." Fed. R. Civ. P. 10(b).

The Court will not dismiss Moxley's complaint for shotgun pleading or failure to use numbered paragraphs. Although Moxley's complaint uses long paragraphs and confusingly discusses several disputes with several persons, he plainly alleges that "Defendants failed to comply with the Confidentiality agreement." (ECF No. 1, at 7.) Further, the defendants' responsive pleading accounts for Moxley's claim for breach of settlement agreement. (*See* ECF Nos. 5, at 16–17; 14, at 6–7.) Finally, the Court notes that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Hammock v. Watts*, 146 F.4th 349, 359 (4th Cir. 2025). Accordingly, the Court will not dismiss on these grounds.

### B. Failure to State a Claim

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain

5

sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts "accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Matherly v. Andrews*, 859 F.3d 264, 274 (4th Cir. 2017). Courts "liberally construe" *pro se* complaints. *Riddick v. Barber*, 109 F.4th 639, 645 (4th Cir. 2024) (quoting *Matherly*, 859 F.3d at 274).

Moxley's complaint alleges a breach of a settlement agreement. (ECF No. 1, at 7.) Under Virginia law,[5] "settlement agreements are contracts and are subject to the same rules of

---

[5] Neither the parties nor the settlement agreement specify what law applies to this case. A federal court exercising diversity jurisdiction applies the choice-of-law provisions of the state in which it sits. *Koppers Performance Chems., Inc. v. Argonaut-Midwest Ins. Co.*, 105 F.4th 635, 640 n.4 (4th Cir. 2024) (citation omitted). Accordingly, this Court uses Virginia choice-of-law rules.

In Virginia, "the law of the place where the contract was formed applies when interpreting the contract" and its obligations. *Dreher v. Budget Rent-A-Car Sys., Inc.*, 272 Va. 390, 395, 634 S.E.2d 324, 327 (2006). But neither the parties nor the settlement agreement explain where the parties entered into the agreement. The agreement itself lists several possible locations—the home in Hawaii, Moxley's home in Virginia, and SPS's office in Utah. (ECF No. 1-1, at 2, 5.)

Although the Court uses Virginia law, the analysis would not change even if another state law applies. All three states' laws treat settlement agreements as contracts. *See Amchem Prods., Inc. v. Newport News Cir. Ct. Asbestos Cases*, 264 Va. 89, 97–98, 563 S.E.2d 739, 743–44 (2002) (applying contract principles to a settlement agreement); *Pub. Access Trails Hawai'i v. Haleakala Ranch Co.*, 153 Haw. 1, 26, 526 P.3d 526, 551 (2023) (citation omitted) ("[S]ettlement agreements are contracts."); *Bodell Constr. Co. v. Robbins*, 2009 UT 52, ¶ 19, 215 P.3d 933, 939 (2009) (citation omitted) ("Settlement agreements are governed by the rules applied to general contract actions."). Further, each state relies on plain meaning to interpret unambiguous contract provisions. *Babcock & Wilcox Co. v. Areva NP, Inc.*, 292 Va. 165, 179, 788 S.E.2d 237, 244 (2016); *Aloha Petroleum, Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 155 Haw. 108, 122, 557 P.3d 837, 851 (2024); *Bodell*, 2009 UT 52, ¶ 19, 215 P.3d at 939. Thus, the Court's analysis under all three states' laws would reach the same conclusions.

construction that apply to the interpretation of contracts generally."[6] Accordingly, to plead breach of settlement agreement, a plaintiff must plausibly plead the following elements: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Navar, Inc. v. Fed. Bus. Council*, 291 Va. 338, 344, 784 S.E.2d 296, 299 (2016).

Here, Moxley alleges that U.S. Bank and SPS impermissibly revealed "allegations in the Litigation" by "instructing the real estate agent to advertise the sale of the property as a Bank Owned Foreclosure." (ECF No. 1, at 7.) Moxley also alleges that the defendants responded to his allegations of breach with a letter, which itself "is another violation of the settlement agreement." (*Id.*)

Neither action amounts to a breach under the plain terms of the contract. The mere fact that the bank owns a property through a foreclosure action does not allege anything about the foreclosure action specifically. "Allegation" usually means a pleading's factual assertion, especially "that someone has done something wrong or illegal."[7] Even if the defendants instructed a "real estate agent to advertise . . . the property as a Bank Owned Foreclosure," that instruction does not necessarily implicate Moxley or a specific wrong asserted in the foreclosure action. The listing at issue does not state Moxley's name or identify the circumstances around the property's foreclosure. (*See* ECF No. 1-3.) Accordingly, without added context, one could not learn about

---

[6] *Southerland v. Est. of Southerland*, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995) (citations omitted); *Amchem*, 264 Va. at 97–98, 563 S.E.2d at 743–44 (applying contract principles to a settlement agreement).

[7] *Allegation*, Black's Law Dictionary (12th ed. 2024). Non-legal dictionaries also define "allegation" in reference to factual assertions of misconduct. *See, e.g., Allegation*, Am. Heritage Dictionary (5th ed. 2022). Courts frequently use dictionaries to ascertain ordinary and unambiguous meaning. *See Pocahontas Mining Ltd. Liab. Co. v. Jewell Ridge Coal Corp.*, 263 Va. 169, 173–74, 556 S.E.2d 769, 771–772 (2002).

any possible wrongdoing alleged against Moxley. Therefore, SPS and U.S. Bank did not disclose any allegation against Moxley in the prior litigation.

Further, the defendants did not breach the confidentiality clause by sending the letter to Moxley. Even if the letter revealed some confidential information, the agreement plainly allows the parties to do so "to effectuate or enforce the terms thereof." (ECF No. 1-1, at 7.) U.S. Bank and SPS, therefore, could send a letter between the parties to discuss enforcement of the agreement.

For these reasons, the complaint fails to state a claim for breach of settlement agreement.

### III. CONCLUSION

Moxley ultimately fails to state a claim for breach of settlement agreement. For this reason, the Court will grant the motion and dismiss Moxley's complaint. Further, the Court will deny as moot Moxley's motion to join his nonprofit entities as plaintiffs in this matter.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to Moxley.

Date: 3 March 2026
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge